IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 12-197 |
| | ) |
| ANDREW A. DEMASI | ) |

OPINION

Presently before the court is a motion to amend conditions of release and opposition to collection of DNA filed by Andrew A. Demasi ("defendant"). For the following reasons, defendant's motion will be denied.

On July 17, 2012, a grand jury returned a four-count indictment against defendant charging him with three counts of mail fraud and one count of bankruptcy fraud. That same day, a summons was issued for defendant to appear before Magistrate Judge Lisa Pupo Lenihan on August 7, 2012, for arraignment and to post bond. Prior to the hearing, an order was entered appointing the Federal Public Defender's Office to represent defendant. Defendant appeared with counsel on the scheduled date for arraignment before Magistrate Judge Lenihan. Defendant entered a plea of not guilty and was released on an unsecured appearance bond in the amount of $10,000.00.

At the arraignment, defendant made an oral objection to the pretrial collection, testing, analysis, use and retention of his DNA as a condition of pretrial release.[1] Magistrate Judge Lenihan entered a stay of the DNA collection condition pending the parties' briefing and

---

[1] Pursuant to 18 U.S.C. §3142(c)(1)(A), an individual on pretrial release is subject to the mandatory condition that "the person cooperate in the collection of a DNA sample ... if the collection ... is authorized by ... 42 U.S.C. §14135a."

this court's consideration of the issue.

On August 31, 2012, defendant filed the pending motion to modify the conditions of release and opposition to collection of DNA on two grounds: (1) DNA collection is not authorized by statute because he is not "in custody" within the meaning of 42 U.S.C. §14135a(a)(1); and, (2) the collection of DNA would violate his rights under the Fourth Amendment to the United States Constitution because he has not been arrested and is not being detained. The government subsequently filed a response and the matter now is ripe for adjudication.

Congress enacted 42 U.S.C. §14135a as part of the DNA Analysis Backlog Elimination Act of 2000 ("DNA Act").[2] Originally authorizing the collection of DNA from an individual "who is, or has been convicted of a qualifying Federal offense" and from each "individual on probation, parole, or supervised release," the DNA Act was amended in 2005 and 2006 to expand the categories of individuals subject to DNA collection. In its present form, §14135a of the DNA Act provides in pertinent part:

> (a) Collection of DNA samples
>
> > (1) From individuals in custody
> >
> > (A) The Attorney General may, as prescribed by the Attorney General in regulation, collect DNA samples from individuals who are arrested, facing charges, or convicted .... The Attorney General ... may also authorize and direct any other agency of the United States that arrests or detains individuals or supervises individuals facing charges to carry out any function and exercise any power of the Attorney General under this section.

---

[2] For a full discussion of the history and scope of the DNA Act, see, United States v. Mitchell, 652 F.3d 387, 398-402 (3d Cir. 2011).

2

The latest expansion of the DNA Act became effective on January 9, 2009, with the promulgation of regulations by the Attorney General. In particular, the regulations provide that "[a]ny agency of the United States that arrests or detains individuals or supervises individuals facing charges <u>shall</u> collect DNA samples from individuals who are arrested, facing charges or convicted." 28 C.F.R. §28.12 (emphasis added). Thus, "[w]hile the DNA Act permits the collection of DNA samples from individuals who are arrested or facing charges, the regulation mandates such collection." <u>Mitchell</u>, 652 F.3d at 401.

Defendant's first argument in opposition to DNA collection is that it is not statutorily authorized under §14135a(a) because he has not been arrested and is not being detained. Defendant relies on the heading to §14135a(a)(1) which refers to "individuals in custody." Because defendant appeared by summons and has been released on bond, he argues, he is not "in custody" and should not be subject to DNA collection. Although defendant is correct that the section heading refers to "individuals in custody," his argument fails to recognize the plain language of the statutory text.

While the title of a statute and the heading of a section are "tools available for resolution of doubts about the meaning of a statute," <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 234 (1998), "'it is a well-settled rule of statutory interpretation that titles and section headings cannot limit the plain meaning of statutory text where that text is clear." <u>United States v. Pendleton</u>, 658 F.3d 299, 305 (3d Cir. 2011)(<u>quoting</u> <u>M.A. ex rel. E.S. v. State-Operated School District of City of Newark</u>, 344 F.3d 335, 348 (3d Cir. 2003)).

AO 72
(Rev. 8/82)

Here, the statutory text is clear that the collection of DNA is not limited merely to those in physical custody but applies to those individuals who are "arrested, <u>facing</u> charges, <u>or</u> convicted." Defendant has been indicted and therefore is "facing charges" regardless of the fact that he is not being detained. Moreover, the plain language of the statute also permits the collection of DNA by any agency that "detains individuals <u>or</u> supervises individuals facing charges," further establishing that actual physical custody is not a prerequisite to DNA collection.

Defendant's interpretation of the statute to require actual physical custody would render wholly superfluous the "supervises individuals facing charges" language of the text and the court declines to interpret the statute in that way. See <u>Rosenberg v. XM Ventures</u>, 274 F.3d 137, 141 (3d Cir. 2001)("[W]hen interpreting a statute, courts should endeavor to give meaning to every word which Congress used and therefore should avoid an interpretation which renders an element of the language superfluous.") Rather, the court believes a more reasonable interpretation is that the term "in custody" within the meaning of the heading to §14135a(a)(1) broadly encompasses anyone who is "arrested, facing charges, <u>or</u> convicted," regardless of whether they have been detained or released on bond.

Defendant also argues that the DNA Act as applied to him would violate his rights under the Fourth Amendment to the United States Constitution. Defendant contends that because he has not been arrested, is not being detained and has not been charged with a "serious drug offense," he has a heightened expectation of privacy which outweighs any

4

AO 72
(Rev. 8/82)

law enforcement interests in the collection of DNA. The court disagrees.

In United States v. Mitchell, 652 F.3d 387 (3d Cir. 2011), the Third Circuit Court of Appeals held that the suspicionless collection of DNA samples from arrestees and pretrial detainees does not violate the Fourth Amendment. Id. at 415-16. Applying a totality of the circumstances test, the court noted that arrestees have a diminished expectation of privacy in their identities and that DNA collection from arrestees serves important law enforcement interests. Id. at 405-416.

Defendant argues that Mitchell is not controlling here because he is neither an arrestee nor a pretrial detainee.[3] Accordingly, as someone who appeared by summons and has been released on bond, defendant contends that he has a greater expectation of privacy in his identity than an arrestee or pretrial detainee has that outweighs the important law enforcement interests recognized in Mitchell.

However, in concluding that arrestees and pretrial detainees have a diminished expectation of privacy in their identity, the Mitchell

---

[3] Defendant also attempts to distinguish his case from Mitchell based on the type of offense charged. Specifically, defendant argues that unlike Mitchell, who was charged with a "serious drug offense," he has been charged with non-violent, non-drug related offenses. The basis for this argument appears to be a footnote in Mitchell in which the court acknowledged that "[t]here is a potential cause for concern with regard to the scope and breadth of 42 U.S.C. §14135a" but that "any concerns about the scope of the statute dissipate in light of the fact that he was arrested and indicted for a serious drug offense." 652 F.3d at 415-16 n. 26. However, it is clear from the footnote that the appellate court's concerns were focused on the potential application of the statute "to individuals arrested for federal misdemeanors." Id. Here, although not charged with a serious drug offense, petitioner has been charged with three counts of bank fraud and a count of bankruptcy fraud, all of which are serious felony offenses. Moreover, this court does not believe that the type of offense charged in this case in any way alters the analysis of either defendant's expectation of privacy or the government's legitimate law enforcement interests.

5

AO 72
(Rev. 8/82)

court emphasized that the diminished expectation of privacy arises from the finding of probable cause that supports the arrest:

> DNA collection occurs only after it has been determined that there is probable cause to believe that the arrestee committed a crime. In light of this probable cause finding, arrestees possess a diminished expectation of privacy in their own identity ....

Mitchell, 652 at 412. (emphasis added).

Accordingly, Mitchell establishes that the diminished expectation of privacy of an arrestee or a pretrial detainee arises not from the mere fact of arrest or detention but because of the finding of probable cause supporting the arrest. Indeed, the court expressly stated that "an arrestee or pretrial detainee, who is brought into the criminal justice system on the basis of probable cause, 'has a diminished expectation of privacy in his identity.'" Mitchell, 652 F.3d at 412. (emphasis added).

Here, although defendant has not been arrested, he has been indicted by a grand jury and thus has been "brought into the criminal justice system on the basis of probable cause." See Ex Parte United States, 287 U.S. 241, 250 (1932)("the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer"); United States v. Schramm, 75 F.3d 156, 163 (3d Cir. 1996)("'an indictment insures that the accused has been duly charged by the grand jury upon a proper finding of probable cause'"); Rose v. Bartle, 871 F.2d 331, 353 (3d Cir. 1989)(a grand jury indictment or presentment constitutes prima facie evidence of probable cause to prosecute).

6

As someone brought into the criminal justice system on the basis of the grand jury's probable cause finding, defendant too has a diminished expectation of privacy in his identity, just as an arrestee or pretrial detainee does.[4] Thus, this court believes that <u>Mitchell</u> is controlling in this case. Moreover, to the extent defendant argues that <u>Mitchell</u> is contrary to the law of other federal and state courts that have addressed the issue, this court is bound by <u>Mitchell</u> as controlling precedent in this circuit. See <u>Allegheny General Hospital v. NLRB</u>, 608 F.2d 965, 970 (3d Cir. 1979)("a decision by this court, not overruled by the Supreme Court is a decision of the court of last resort of this federal judicial circuit and is therefore 'binding on all inferior courts and litigants in the Third Judicial Circuit....'").[5]

Accordingly, under the totality of the circumstances, given defendant's diminished expectation of privacy in his identity as an individual who has been indicted by a grand jury upon probable cause to believe that he has committed the felony offenses with which he has been

---

[4] In fact, contrary to defendant's argument that he, as an individual indicted but not arrested, has a greater privacy interest than someone who has been arrested, the <u>Mitchell</u> court seemed to suggest the opposite. In a footnote, the court declined to reach the question of whether any <u>additional</u> probable cause requirement, other than probable cause to arrest, is necessary because Mitchell also already had been indicted before his arrest. The court observed in particular that "the finding of probable cause ... was made by a grand jury and not left to the discretion of a policy [sic] officer alone." <u>Mitchell</u>, 652 F.3d at 412 n. 22. Here, defendant has been indicted by a grand jury, thus establishing probable cause to believe he committed the charged offenses. As a result, his expectation of privacy in his identity is diminished based on that probable cause finding, regardless of the fact that he was neither arrested nor detained.

[5] The court notes that the United States Supreme Court has granted a writ of certiorari in <u>Maryland v. King</u>, ___ U.S. ___, 133 S.Ct. 594 (2012) to resolve the split of authority between the Third Circuit Court of Appeals in <u>Mitchell</u> and those courts which have held that the warrantless collection of a DNA sample from an arrestee is unconstitutional under the Fourth Amendment to the United States Constitution. At least until that resolution, however, <u>Mitchell</u> remains binding precedent in this circuit.

AO 72
(Rev. 8/82)

charged, and the government's legitimate interests in the collection of DNA from defendant, this court concludes that the collection of defendant's DNA does not violate the Fourth Amendment. Defendant's motion to amend conditions of release therefore will be denied.

An appropriate order follows.

Dated: January 0, 2012

/s/ Gustavo Diamond
Gustave Diamond
United States District Judge

AO 72
(Rev. 8/82)